**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02183-NYW

CHRISTOPHER NELSON,

    Plaintiff,

v.

KENDRA HOUGE,
CHANTEL LOTMAN,
TABATHA TENNANT,
TRISHA KAUTZ,
DANIELLE GOSSETT,
FRANCIS SAGEL,
BRYAN REICHERT,
LT. CUSTER,
JIMMY CARDINELLI,
GAIL VORIS,
JEREMY ROMERO,
JAMES SCARFF,
MISTI COLGIN,
CINDY CARDINELLI,
YEGAPAN MUTHULAKSHMI,
LAURA SOMMERSCHIELD,
RANDOLPH MAUL, and
ANTHONY A. DeCESARO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Christopher Nelson's ("Plaintiff" or "Mr. Nelson") "Mottion [sic] for Emergency Injunction" (the "Motion for Preliminary Injunction"), filed December 4, 2019. [#12]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order Referring Case for all purposes. *See* [#82]. The court concludes that oral argument will not materially assist in the resolution of these matters. Having reviewed the Motion

for Preliminary Injunction and associated briefing, the applicable case law, and the record before the court, I respectfully **DENY** Plaintiff's Motion for Preliminary Injunction.

## BACKGROUND

Mr. Nelson is an inmate incarcerated within the Colorado Department of Corrections ("CDOC"). [#1; #13]. Between July 1, 2017 and October 16, 2017, while incarcerated at the Bent County Correctional Facility ("BCCF"), Mr. Nelson alleges various medical personnel refused to treat his complaints of bloody urination. *See generally* [#13]. Specifically, Mr. Nelson alleges: Defendant Misti Colgin diagnosed Plaintiff with kidney stones and repeatedly refused to send Mr. Nelson to the hospital; Defendants Jimmy Cardinelli and James Scarff stated that Plaintiff could urinate blood for a year without consequence and refused to send Plaintiff to the hospital; Defendant Cindy Cardinelli expressed concern for Plaintiff and suggested he get tested for cancer; Defendant Gail Voris informed Plaintiff, nearly a month after his cancer test, that if he did not hear from medical, then he did not have cancer; and Defendant Jeremy Romero, though concerned, never sought treatment for Plaintiff. [*Id.* at 9].

Plaintiff transferred to Sterling Correctional Facility ("SCF") about February 2018, where he received an ultrasound on or about March 9, 2018, which revealed a mass in his bladder. [*Id.* at 10]. Between March 27, 2018 and May 26, 2018, though allegedly aware of the ultrasound results, Mr. Nelson alleges Defendants Kendra Houge, Chantel Lotman, Francis Sagel, Tabatha Tennant, Trisha Kautz, and Danielle Gossett diagnosed Mr. Nelson with a urinary tract infection and prescribed antibiotics, which did not alleviate his bloody urination. *See* [*id.*]. Mr. Nelson also alleges Defendant Lt. Custer denied medical care for Plaintiff's complaints of difficulty urinating. [*Id.*]. Then, on or about May 14, 2018, Plaintiff saw Dr. Reichert and learned for the first time that he had a mass in his bladder causing the bloody urination. *See* [*id.*]. Plaintiff also learned that

2

lockdowns and forgotten follow-ups led to the delay in seeing Dr. Reichert and that the false premise that Plaintiff transferred facilities after the ultrasound caused a delay in reviewing the ultrasound results.  *See* [*id.*].

At some point, while housed at the Denver Reception and Diagnostic Center, Plaintiff alleges Defendants Yegapan Muthulakshmi ("Dr. Muthulakshmi") and Laura Sommerschield ("Dr. Sommerschield") denied Mr. Nelson's request for pain medication given Mr. Nelson's medical grievances.  *See* [*id.* at 11].  According to Mr. Nelson, Drs. Muthulakshmi and Sommerschield falsely claimed that Mr. Nelson was cancer-free to remove Mr. Nelson from the Denver Reception and Diagnostic Center.  *See* [*id.*].  Defendant Anthony DeCesaro also allegedly denied Plaintiff's requests for pain medication and cancer treatment.  *See* [*id.*].

Believing Defendants violated his constitutional rights, Plaintiff initiated this action by filing his pro se[1] prisoner Complaint on July 31, 2019, against the CDOC, various CDOC institutions and employees, and other medical providers.  *See generally* [#1].  The Honorable Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to file an Amended Complaint.  [#3; #5; #6].  Mr. Nelson filed his Amended Complaint and his Motion for Preliminary Injunction on December 4, 2019.  [#13].

Pursuant to his operative Amended Complaint, Plaintiff asserts a sole Eighth Amendment claim for deliberate indifference based on a nearly 10-and-a-half-month delay in receiving medical

---

[1] Because Mr. Nelson proceeds pro se, the court construes his filings liberally.  *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019).  But the court cannot and does not act as an advocate for a pro se party.  *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).  Nor does a party's pro se status exempt him from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado.  *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).

care for his complaints of bloody urination. *See* [*id.* at 9].[2] As relief, Mr. Nelson requests monetary damages; "relief for not being able to have a son"; "relief for all future cancer appointment, [] surgerys [sic], cancer treatments, pain medications, jobs [and] work for being disabled"; "future emergency injunction's [sic] for pain medication, cancer treatment and for the gate keeper . . . to quit making [him] suffer"; all of his medical records; a transfer to a medical facility with an infirmary and which provides pain medication; and the ability to see a pain specialist. [*Id.* at 13]. Magistrate Judge Gallagher recommended that Plaintiff's Eighth Amendment claim be dismissed as to the CDOC and various CDOC institutions on Eleventh Amendment immunity grounds, but that Plaintiff's Eighth Amendment claim against the CDOC Defendants; Defendants Jimmy Cardinelli, Jeremy Romero, Cindy Cardinelli, Gail Voris, and Misti Colgin (collectively, "BCCF Defendants"); and Defendant Reichert (collectively with the CDOC Defendants and BCCF Defendants, "Defendants") be drawn to a presiding judge. *See* [#16]. The Honorable Lewis T. Babcock adopted the Recommendation and drew this matter to Judge Martinez and the undersigned, *see* [#17; #18], but upon the Parties' consent, Judge Martinez referred this matter to the undersigned to preside over fully, *see* [#80; #82].

On December 4, 2019, Plaintiff filed his Motion for Preliminary Injunction, requesting that the CDOC provide him cancer treatment and related medications, pain medications, and neuropathy medication; send him to a pain specialist and a medical facility; and cease retaliating against him for filing grievances. *See generally* [*id*]. The BCCF Defendants responded on March

---

[2] Despite a reference to "gross negligence" in the claim headings in his Amended Complaint, a liberal construction of Plaintiff's operative pleading does not reveal the assertion of a state law negligence claim. Rather, Mr. Nelson makes clear that he is pursing only an Eighth Amendment claim: "in my medical records which will prove 8th Amendment violations ocurred [sic]. Multiple episodes of deliberat [sic] indifference, a huge delay in medical care." [#13 at 9]. This interpretation is consistent with both Magistrate Judge Gallagher's and Judge Babcock's interpretation of Mr. Nelson's Amended Complaint. *See, e.g.*, [#17 at 2 (drawing "the remaining § 1983 claims asserted against the individual defendants")].

26, 2020 [#45] and the CDOC Defendants responded on March 27, 2020 [#46]. Plaintiff filed his Reply on June 3, 2020, after receiving an extension of time from this court. [#99, #91].

## ANALYSIS

### I.  Legal Standard

"Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018). To receive a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harms that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (quoting *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007)). In some instances, however, courts require a heightened showing if the preliminary injunction mandates action, alters the status quo, or provides the movant with all requested relief. *See Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019). Because Mr. Nelson's Motion for Preliminary Injunction requires action (rather than proscribes it), he "must make a strong showing" as to the likelihood of success on the merits and the balance of harms. *Sec. & Exch. Comm'n v. Scoville*, 913 F.3d 1204, 1214 (10th Cir. 2019) (internal quotation marks omitted).

### II.  Application

In his Motion for Preliminary Injunction, Mr. Nelson asserts the CDOC is retaliating against him for filing grievances and lawsuits by:

- "refusing and denying cancer treatment and pain treatment";
- "refusing neuropathy medication";

5

- "putting [his] life in jepordy [sic] and effecting [sic] [his] quality of life"; and
- "denying [him] pain free and life[-]saving treatment."

[#12 at 1-2]. Accordingly, Mr. Nelson requests a preliminary injunction requiring the CDOC to (1) provide Mr. Nelson cancer treatment and related medications, pain medications, and neuropathy medication; (2) send Mr. Nelson to a pain specialist and a medical facility; and (3) cease retaliating against Mr. Nelson for filing grievances. *See* [*id.* at 3].

Though seeking relief from the CDOC, which is no longer a party to this action, the court assumes Mr. Nelson seeks injunctive relief from Defendants in their official capacities. *See* [#17 at 2 (dismissing under Eleventh Amendment immunity only Plaintiff's claims for monetary damages against Defendants in their official capacities)]. Defendants oppose the requested relief. For the following reasons, I respectfully conclude Mr. Nelson fails to establish a clear and unequivocal entitlement to injunctive relief.

### A.   Mootness

Mootness is a threshold issue as federal court jurisdiction depends on a live case or controversy—without a live, concrete controversy, the court cannot consider the plaintiff's claim(s) no matter how meritorious. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (internal quotation marks omitted). The inquiry focuses on whether the court's determination of the issues will have "some effect in the real world," which is especially true in actions for prospective relief. *Wyoming v. U.S. Dep't of Argic.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (internal quotation marks omitted). In the context of preliminary injunctions, "where the effective time

period of the injunction has passed or where the act sought to be enjoined has occurred," the preliminary injunction becomes moot. *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015) (internal citations and quotation marks omitted).

First, the court agrees with the BCCF Defendants that Mr. Nelson's transfer to SCF mooted his requests for injunctive relief to the extent asserted against the BCCF Defendants. Plaintiff alleges he was transferred to SCF in or about February 2018. *See* [#13 at 10]. And nothing suggests Mr. Nelson seeks system-wide relief from the CDOC as opposed to relief based on the conduct of the individually named Defendants. Under such circumstances, Mr. Nelson's request for injunctive relief against the BCCF Defendants is moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1029 (10th Cir. 2011) (finding as moot the plaintiff's request for declaratory and injunctive relief asserted against individual Bureau of Prisons officers when the plaintiff was transferred to a different penal institution, because the plaintiff did not request system-wide relief).

Second, as to Mr. Nelson's request for cancer treatment, I conclude such a request is moot. The record reveals that Mr. Nelson received cancer treatment from Rocky Mountain Cancer Center beginning in July 2019 through at least November 27, 2019. *See* [#47 at 1-37]. Mr. Nelson then expressed a desire to cease treatment at an appointment with Dr. Reichert on December 10, 2019, [#50-1 at 2], and later directed Dr. Reichert to stop all medication and refused to return to Rocky Mountain Cancer Center, *see* [*id.* at 32-33]. But on January 23, 2020, Mr. Nelson expressed to medical personnel at SCF that he was ready to continue cancer treatment at Rocky Mountain Cancer Center, *see* [*id.* at 34], and Plaintiff received treatment from Rocky Mountain Cancer Center on February 12, 2020 and March 4, 2020. *See* [#47 at 38-47; #50-1 at 36-45]. While it may be true that Mr. Nelson was not receiving cancer treatment at the time of filing his Motion for Preliminary Injunction (December 4, 2019), and notwithstanding that it was Mr. Nelson's decision

7

to stop treatment, it is undisputed that he has since received such treatment. And nothing suggests Mr. Nelson is no longer receiving cancer treatment at Rocky Mountain Cancer Center or that Defendants may prohibit such treatment; thus, his request for cancer treatment is now moot. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (finding as moot the disabled plaintiffs' request for prospective injunctive relief where the defendant abolished the alleged discriminatory policy that was denying disabled plaintiffs' access to the defendants' public transportation services).

### B. Merits

Having concluded that Mr. Nelson's request for injunctive relief against the BCCF Defendants and his request for cancer treatment are now moot, the court considers whether Mr. Nelson is entitled to his remaining requests for pain medication, neuropathy medication, transfer to a medical facility, referral to a pain specialist, and the cessation of alleged retaliation. For the following reasons, I conclude Mr. Nelson fails to meet his burden justifying the award of a preliminary injunction.

***Substantial Likelihood of Success on the Merits***. The "first and most important preliminary-injunction factor" requires the court to determine whether Mr. Nelson is likely to succeed on the merits of his Eighth Amendment deliberate indifference claim. *See Planned Parenthood of Kansas*, 882 F.3d at 1229. Though Mr. Nelson must present only a prima facie deliberate indifference claim, not "a certainty of winning," *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1273 (10th Cir. 2018) (internal quotation marks omitted), he must make a "strong showing" of the likely success of his deliberate indifference claim because he seeks injunctive relief that requires Defendants to act, *see McDonnell v. City & Cty. of Denver*, 878 F.3d 1247, 1252 (10th Cir. 2018) (explaining that a movant seeking an injunction mandating action must make

a strong showing of a likelihood of success on the merits). Because I conclude Mr. Nelson fails to satisfy this burden, "it is unnecessary to address the remaining factors of the preliminary injunction standard." *Johnson & Johnson Vision Care, Inc. v. Reyes*, 665 F. App'x 736, 747 (10th Cir. 2016).

To prove deliberate indifference, Mr. Nelson must satisfy both an objective component and a subjective component. *Requena v. Roberts*, 893 F.3d 1195, 1215 (10th Cir. 2018). That is, Mr. Nelson must show that Defendants were "subjectively aware" of an objectively serious medical need and "recklessly disregarded that risk." *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (brackets and internal quotation marks omitted).

Both the CDOC Defendants and Dr. Reichert argue Mr. Nelson cannot demonstrate a likelihood of success on the merits, because Plaintiff merely asserts a disagreement with the prescribed course of treatment for his cancer, which does not establish deliberate indifference. *See* [#46 at 6-7; #50 at 7-9]. Mr. Nelson counters that he is not simply complaining of a preferred course of treatment that is not being provided, but rather he is complaining that he is being denied a prescribed course of treatment. *See* [#99 at 3]. He continues that he is not receiving proper medications and treatment as punishment for disciplinary infractions. *See* [*id.* at 3-4]. Based on the record before the court, I respectfully disagree with Mr. Nelson.

As mentioned, it appears that Mr. Nelson is receiving treatment for his cancer at the Rocky Mountain Cancer Center. *See* [#47 at 38-47; #50-1 at 36-45]. His treatment has also included varying medications, such as ibuprofen, acetaminophen, Keppra, baclofen, and lidocaine patches; he has not been prescribed specific neuropathy medications as claimed. *See, e.g.*, [#47-1 at 1-3, 5-6; #50-2 at 2-4, 22-26]. While Mr. Nelson is correct that the CDOC Pain Management Committee has denied certain requests for narcotic pain medications based on Mr. Nelson's

9

disciplinary infractions, as well as his history of drug abuse, *see* [#47-1 at 2-3; #50-2 at 3-4; #99 at 10, 14], this evidence does not demonstrate Defendants "intentionally interfere[d] with the treatment once prescribed." *Redmond v. Crowther*, 882 F.3d 927, 940 (10th Cir. 2018).

Ultimately, the court agrees that on this record Mr. Nelson's requests for specific pain medications, referral to a pain specialist, and transfer to a medical facility that provides the requested pain medications does not amount to deliberate indifference but rather a disagreement with the prescribed treatment he is receiving. *See Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018) (explaining that prison officials do not "act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."); *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation."). Nor is there any evidence to suggest Defendants are retaliating against Mr. Nelson by refusing medical treatment based on Mr. Nelson's grievances and lawsuits. *See Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (explaining that a plaintiff asserting a First Amendment retaliation claim "must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." (emphasis in original) (internal quotation marks omitted)).

Based on the foregoing, the court respectfully **DENIES** Mr. Nelson's Motion for Preliminary Injunction. In reaching this conclusion, the court expresses no opinion as to the merits or ultimate outcome of Mr. Nelson's Eighth Amendment claim regarding the alleged 10-and-a-half-month delay in receiving medical treatment for his bloody urination, including but not limited to the Motions to Dismiss that are currently pending and will be resolved by separate Order.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

    (1)    Plaintiff's Motion for Preliminary Injunction [#12] is **DENIED**; and

    (2)    A copy of this Order shall be sent to:

        Christopher Nelson #148017
        Sterling Correctional Facility (SCF)
        P.O. Box 6000
        Sterling, CO 80751.

DATED:  June 16, 2020                BY THE COURT:

                                                    _____
                                                    Nina Y. Wang
                                                    United States Magistrate Judge