# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02183-NYW

CHRISTOPHER NELSON,

    Plaintiff,

v.

KENDRA HOUGE,
CHANTEL LOTMAN,
TABATHA TENNANT,
TRISHA KAUTZ,
DANIELLE GOSSETT,
FRANCIS SAGEL,
JIMMY CARDINELLI,
GAIL VORIS,
JEREMY ROMERO,
JAYNE SCARFF,
MISTI COLGIN, and
CINDY CARDINELLI,

    Defendants.

## MINUTE ORDER

Entered By Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff's Motion for Reconsideration to Motion #155 (or "Motion"), filed March 25, 2021. [#179]. In the Motion, Plaintiff requests that the court reconsider its Minute Order denying Plaintiff's Motion for Fair Process [#155]. *See generally* [*id.*]. For the following reasons, I **DENY** the Motion.

    The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Yet, courts retain discretion to consider their interlocutory orders at any time prior to entry of final judgment. *See Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008); Fed. R. Civ. P. 54(b). Though the court is not bound by the stricter standards set forth in Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure for such motions, the court may utilize those standards in evaluating a motion for reconsideration. *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 212 F. App'x 760, 765 (10th Cir. 2007). Generally, a motion for reconsideration is appropriate only if there is (1) an intervening change in controlling law, (2) new evidence that was previously unavailable, or (3) a need to correct clear error or prevent manifest injustice. *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017); *accord Nelson v. City of*

*Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (explaining that motions for reconsideration are appropriate when the court misapprehends the facts, a party's position, or the controlling law). Motions for reconsideration, however, are not an appropriate tool for revisiting issues already addressed or for asserting arguments that the movant could have asserted earlier but did not. *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020).

Upon review of the Motion, the court concludes that reconsideration of its Minute Order denying Plaintiff's Motion for Fair Process [#155] is not warranted. Plaintiff points to no intervening change in controlling law, new evidence previously unavailable, or the need to prevent manifest injustice. Rather, Plaintiff raises issues already addressed by the court or issues that he could have raised initially—neither warrants reconsideration. *Castanon*, 976 F.3d at 1141.

Further, Plaintiff is reminded of the upcoming Telephonic Status Conference set for **April 6, 2021** at **2:00 p.m.**, at which Plaintiff will have an opportunity to speak with potential pro bono counsel. Plaintiff shall present this Minute Order to the appropriate personnel at Sterling Correctional Facility to ensure his participation.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion [#179] is **DENIED**;

(2) **Plaintiff's case manager shall ensure Plaintiff's participation in the April 6, 2021 Telephonic Status Conference by contacting the court at 888.363.4749, Access Code: 5738976# at 2:00 p.m.**

(3) A copy of this Minute Order is to be sent to the following:

Case Manager for Christopher Nelson #148017
Sterling Correctional Facility (SCF)
P.O. Box 6000
Sterling, CO 80751, and

Christopher Nelson #148017
Sterling Correctional Facility (SCF)
P.O. Box 6000
Sterling, CO 80751

DATED: March 31, 2021